UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| DANIEL L. DELANEY, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 2:14-cv-00133-JMS-WGH |
| ) | |
| UNITED STATES, ) | |
| ) | |
| Respondent. ) | |

**Entry Discussing Motion for Relief Pursuant to 28 U.S.C. § 2255
and Denying Certificate of Appealability**

For the reasons explained in this Entry, the motion of Daniel L. Delaney for relief pursuant to 28 U.S.C. § 2255 must be **denied**. In addition, the Court finds that a certificate of appealability should not issue.

### I. Background

Delaney was a federal prisoner serving a term for unarmed robbery when he strangled his cellmate to death. *United States v. Delaney*, 717 F.3d 553, 554 (7th Cir. 2013). As a result, Delaney was charged in a one-count Indictment with first degree murder, in violation of 18 U.S.C. § 1111. On April 10, 2012, Delaney was found guilty by a jury.

On July 26, 2012, Delaney was sentenced to life in prison, to be followed by five years of supervised release. Delaney was also assessed the mandatory assessment of $100. The judgment of conviction was entered on August 8, 2012.

Delaney filed a notice of appeal on August 9, 2012. He argued on appeal that the jury should have found that he killed in "the heat of passion" and should therefore have convicted him

1

only of voluntary manslaughter. On May 30, 2013, the Seventh Circuit affirmed Delaney's conviction and sentence. *See Delaney*, 717 F.3d 553.

Now before the Court is Delaney's motion for post-conviction relief pursuant to 28 U.S.C. § 2255. Delaney argues that he is entitled to relief because his trial counsel was constitutionally ineffective. He seeks to have his conviction and sentence vacated. In response, the United States argues that Delaney's motion for post-conviction relief should be summarily rejected because he has demonstrated no deficiency in his counsel's performance and no prejudice.

## II. Effective Assistance of Counsel

The Court must grant a § 2255 motion when a petitioner's "sentence was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255. However, "[h]abeas corpus relief under 28 U.S.C. § 2255 is reserved for extraordinary situations." *Prewitt v. U.S.*, 83 F.3d 812, 816 (7th Cir. 1996). Relief under § 2255 is available only if an error is "constitutional, jurisdictional, or is a fundamental defect which inherently results in a complete miscarriage of justice." *Barnickel v. United States*, 113 F.3d 704, 705 (7th Cir. 1997) (quotations omitted). It is appropriate to deny a § 2255 motion without an evidentiary hearing if "the motion and the files and records of the case conclusively demonstrate that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b).

Delaney claims that he is entitled to relief under § 2255 because his counsel failed to provide effective assistance as guaranteed by the Sixth Amendment. The Sixth Amendment to the Constitution provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense." U.S. Const. Amend. VI. This right to assistance of counsel encompasses the right to effective assistance of counsel. *McMann v. Richardson*, 397 U.S. 759, 771, n. 14 (1970); *Watson v. Anglin*, 560 F.3d 687, 690 (7th Cir. 2009).

A party claiming ineffective assistance of counsel bears the burden of showing (1) that his trial counsel's performance fell below objective standards for reasonably effective representation and (2) that this deficiency prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 688–94 (1984); *United States v. Jones*, 635 F .3d 909, 915 (7th Cir. 2011). *See also Stitts v. Wilson,* 713 F.3d 887, 891 (7th Cir. 2013) (petitioner has burden of demonstrating both deficient performance and prejudice). To satisfy the first prong of the *Strickland* test, the petitioner must direct the Court to specific acts or omissions of his counsel. *Wyatt v. United States*, 574 F.3d 455, 458 (7th Cir. 2009). The Court must then consider whether in light of all of the circumstances counsel's performance was outside the wide range of professionally competent assistance. *Id.*

Delaney asserts that his counsel was ineffective in his representation by failing to adequately investigate his defense, failing to present both lay and expert witnesses, and failing to demand a speedy trial. For the reasons explained below, each of Delaney's specifications of ineffective assistance of counsel is without merit and his petition must be denied.

### A. Psychological Evaluation and Expert Witness

First, Delaney argues that he was denied due process because he was not interviewed by a trained psychiatrist. Delaney makes clear that he does not contend that he was not competent to stand trial.[1] He only claims a psychiatrist was needed to explain to the jury his state of mind at the time he killed his cellmate. See dkt. 10 at p. 13. Delaney argues that his state of mind was effected by the following circumstances. First, he has taken psychological medications for schizophrenia for over 10 years and complained during this time period of having hallucinations. Delaney

---

[1] As to this point, the record reflects that Delaney understood the proceedings, was able to consult with defense counsel, conversed intelligently with the court, and had a rational and factual understanding of the proceeding. Delaney's §2255 motion does nothing to undermine the court's observations that Delaney was fully competent and capable of proceeding with trial. At no time did Delaney, defense counsel, the prosecutor indicate any concern regarding Delaney's ability during his court hearings, trial, and sentencing.

explains, however, that he was on his medications before, during and after the homicide without problems and does not suggest that he was hallucinating at the time of the murder. [See dkt. 10 at p. 10.] Second, Delaney states that he had been locked in a 9 by 6 foot cell in the Special Housing Unit ("SHU") for over three years before the murder and that he told a Lieutenant in the SHU that he was starting to go crazy from this placement. Third, Delaney explains that he was molested as a child and that as a result he suffered from post-traumatic stress syndrome. Delaney suggests that a psychologist could have testified that these circumstances led Delaney to "snap" and lose control when he discovered that his cellmate was a child molester. Delaney claims that had a psychiatrist testified, the jury could have found him innocent of first degree murder.

In response, the government argues that Delaney failed to demonstrate that defense counsel was ineffective by his alleged failure to request a psychological examination or present an expert opinion because there is no evidence that a psychological exam was necessary.

The record reflects that Delaney's attorney did consult with a psychiatrist regarding Delaney's case. Delany suggests that he should have been interviewed by the psychiatrist but that his attorney ran out of money, but there is no evidence to support this fact. Instead, the evidence suggests that counsel fully investigated this action and decided not to call the psychiatrist for strategic reasons. For example, the United States filed a motion *in limine* seeking to prohibit mental health expert testimony from Dr. George Parker who was listed on Delaney's witness list. The United States speculated that Dr. Parker could be called to introduce evidence bearing on the defendant's mental condition and asked to testify concerning the effects of long periods of incarceration, extensive drug use and a history of sex abuse on mental state or condition. The United States argued that pursuant to Federal Rule of Evidence 704, no expert witness may testify to an, "opinion or inference as to whether the defendant did or did not have the mental state or condition constituting an element of the crime charged or of a defense thereto. Such ultimate issues

4

are matters for the trier of fact alone." In response, Delaney's counsel stated that a mental health expert would not be called to testify. Defense counsel acknowledged that Dr. Parker had been consulted, but that the conclusions he could draw are based on common sense, rather than medical expertise. As Delaney's counsel aptly explained: "A jury is capable of considering the obvious - a period of years in special housing unit confinement combined with a history of sexual abuse as a child may affect a person's reaction to disturbing revelations concerning sexual abuse of a minor - without expert commentary." See Criminal dkt. 38.

Despite the claim that an expert should have been called, there is no showing that a psychiatrist would have helped Delaney's case or would have added testimony that was not otherwise available from another source at trial. In addition, any psychiatrist would not have been able to opine on Delaney's mental state at the time of the crime. See Fed. R. Evid. 704. The decision not to call an unnecessary expert was a sound trial strategy. *See Davis v. Lambert*, 388 F.3d 1052, 1059 (7th Cir. 2004). The evidence against Delaney was overwhelming (i.e., his presence in the cell with his dead cellmate, the nature of his victim's death, and Delaney's omissions) and Delaney has not provided any reasonable basis to conclude that the outcome of his trial would have been different had an expert been called to opine on the circumstances of this case.

### B. Uncalled Witnesses

Next, Delaney's complains that his trial counsel failed to call witnesses who could have testified in his behalf. In response, the United States argues that Delaney must identify that evidence or those witnesses and present a detailed account of the unpresented evidence or testimony. Speculation of the existence of such evidence is insufficient. "Complaints of uncalled witnesses are not favored in federal habeas corpus review." *United States ex rel. Cross v. DeRobertis*, 881 F.2d 1008, 1016 (7th Cir. 1987) (*quoting Murray v. Maggio*, 736 F.2d 279, 282

(5th Cir. 1984)). "[I]f potential witnesses are not called, it is incumbent on the petitioner to explain their absence and to demonstrate, with some precision, the content of the testimony they would have given at trial." *DeRobertis*, 881 F.2d at 1016. To meet this burden, "the petition must be accompanied with a detailed and specific affidavit which shows that the petitioner had actual proof of the allegations going beyond mere unsupported assertions." *Prewitt v. United States*, 83 F.3d 812, 819 (7th Cir. 1996). Delaney has produced nothing to indicate uncalled witnesses had information that could have, had they been called, affected the outcome of his trial.

In reply, Delaney explains that two witnesses should have been called. First, Lieutenant Mosley could have testified that he interviewed Delaney four months before the murder following a fight Delaney had with another cellmate. Delaney allegedly told Lt. Mosely that he felt that he was starting to go crazy from being housed in the SHU. Delaney states that "this works perfect with a 'heat of passion defense, but it was all left out." Second, Robin Foster a psychologist should have been called to testify that Delaney allegedly told her that he was molested as a child. But even if this testimony was provided, it would not have affected the outcome. Testimony which reflects that Delaney had a history of fighting with other cellmates would not have advanced his claim that he "snapped" when he killed his cellmate. Nor would a hearsay statement from a psychologist that Delaney told her that he was molested have helped his defense. Delaney personally testified regarding the horrific abuse he experienced as a child.

Delaney has failed to demonstrate that the failure to call these individuals as witnesses was outside the wide range of professionally competent assistance. Nor has he shown that their testimony would have affected the outcome of the trial. Accordingly, no relief is warranted on this basis.

### C. Speedy Trial

Finally, Delaney asserts a violation of his speedy trial rights. Delaney contends that he was denied a speedy trial because his attorney encouraged him to postpone the trial so that he could be interviewed by a psychiatrist, but the interview never happened. Dkt. 10 at p. 13.

"Pursuant to the Speedy Trial Act, criminal trials must commence within 70 days of the indictment or the defendant's initial appearance, whichever is later." *United States v. Hassebrock*, 663 F.3d 906, 912 (7th Cir. 2011); 18 U.S.C. § 3161(c)(1). "The Act enumerates delays that shall be excluded from the 70-day clock, recognizing that certain delays leading up to trial are justifiable." *Id.*

The United States notes that Delaney did not raise any issue regarding his right to a speedy trial on direct appeal, thus the statutory speedy trial issue is procedurally barred for purposes of collateral review. *McCleese v. United States*, 75 F.3d 1174, 1177 (7th Cir. 1996); *Theodorou v. United States*, 887 F.2d 1336, 1339 (7th Cir. 1989); *Vega-Colon v. United States*, 463 F. Supp. 2d 146, 150 (D. Puerto Rico 2006) ("A motion under § 2255 is not a substitute for direct appeal and presents a higher a higher standards (sic) that a petitioner must clear to bring a claim.").

To the extent Delaney argues that his counsel was ineffective for failing to ensure that he was tried within 70 days of his initial appearance on March 21, 2011, this claim fails as well. Delaney's counsel knew that Delaney was already serving time for a prior conviction such that any delay in the trial would not prolong his incarceration. In addition, counsel requested to continue the trial because counsel was in the process of conferring with the government and reviewing discovery. Additional time was needed to prepare for trial. Under these circumstances Delaney was not prejudiced by continuing the trial until April 10, 2012, and no relief is warranted in this regard. [See Crim. Dkts. 17, 18, 23, and 25.]

Although Delaney argues that his counsel failed him in every conceivable way he has not demonstrated how or in what respect his attorney's investigation of his case was inadequate, or demonstrated what testimony could have been presented (but was not) that would likely have changed the outcome of his trial. Delaney has demonstrated neither deficient performance nor any prejudice with respect to this claim. Delaney's claim of ineffective advocacy fails because the record demonstrates that a vigorous and competent defense was presented on his behalf, and the Court recalls as much. Delaney's complaints with the effectiveness of his counsel's advocacy amount to dissatisfaction with the result obtained rather than with any specific error or omission by counsel. *See United States v. Turcotte*, 405 F.3d 515, 537 (7th Cir. 2005). No relief is warranted on this basis.

### III. Evidentiary Hearing

Delaney suggests that he is entitled to an evidentiary hearing on the issues raised in this § 2255 motion. "A § 2255 petitioner is entitled to an evidentiary hearing on his claim where he alleges facts that, if true, would entitle him to relief." *Lafuente v. United States*, 617 F.3d 944, 946 (7th Cir. 2010) (citing *Sandoval v. United States*, 574 F.3d 847, 850 (7th Cir. 2009); *Hall v. United States*, 371 F.3d 969, 972 (7th Cir. 2004)). On the other hand, a hearing "is not required when 'the files and records of the case conclusively show that the prisoner is entitled to no relief.'" *Id.* (quoting 28 U.S.C. § 2255(b)). For the reasons explained above, the record in this case conclusively establishes that Delaney is not entitled to relief making any such hearing unnecessary. Therefore, his request for an evidentiary hearing is **denied.**

### IV. Conclusion

Delaney's conviction and sentence are supported by overwhelming evidence of his guilt. The Seventh Circuit noted in *United States v. Farr,* 297 F.3d 651, 657-58 (7th Cir. 2002):

> We have observed in the past that criminal defendants frequently "demonize" their lawyers. "If we are to believe the briefs filed by appellate lawyers, the only reasons defendants are convicted is the bumbling of their predecessors. But lawyers are not miracle workers. Most convictions follow ineluctably from the defendants' illegal deeds." *Burris v. Farley*, 51 F.3d 655, 662 (7th Cir. 1995).

For the reasons explained in this Entry, Delaney has failed to show that he is entitled to the relief he seeks and his motion for relief pursuant to 28 U.S.C. § 2255 must be **denied.** Judgment consistent with this Entry shall now issue.

This Entry and the accompanying Judgment shall also be entered on the docket in the underlying criminal action, No. 2:11-cr-0005-JMS-CMM-1. Given the rulings in this case Delaney's Rule 35 motion to correct illegal sentence [dkt. 72] is **denied.**

### V.  Certificate of Appealability

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the *Rules Governing § 2255 Proceedings*, and 28 U.S.C. § 2253(c), the Court finds that Delaney has failed to show that reasonable jurists would find this court's "assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The Court therefore denies a certificate of appealability.

**IT IS SO ORDERED.**

Date:  November 18, 2015

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

DANIEL L. DELANEY
Reg. No. 09416-112
FLORENCE ADMAX U.S. PENITENTIARY
Inmate Mail/Parcels
PO BOX 8500
FLORENCE, CO 81226

All Electronically Registered Counsel